UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

PHARMANEX, INC.,

       Plaintiff - Appellee,

vs.

HPF, LLC.,

       Defendant - Appellant.

No. 99-4116
(D.C. No. 99-CV-249-K)
(D. Utah)

ORDER
Filed May 30, 2000

Before **EBEL** and **KELLY**, Circuit Judges, and **ELLISON**,[*] District Judge.


This matter is before the court on petition of appellee, Pharmanex, for

rehearing of this court's order and judgment filed April 20, 2000, and appellant's

response.

The petition for rehearing is granted for the sole purpose of clarifying this

court's prior decision. To that extent, the panel's original order and judgment is

withdrawn and the attached revised version is substituted. The petition for

rehearing is denied in all other respects. A copy of the revised order and

[*]The Honorable James O. Ellison, Senior District Judge, United States
District Court for the Northern District of Oklahoma, sitting by designation.

judgment is attached.

Entered for the Court
PATRICK FISHER, Clerk of Court

By:
    Keith Nelson
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHARMANEX, INC.,

      Plaintiff - Appellee,

vs.

HPF, LLC.,

      Defendant - Appellant.

No. 99-4116
(D.C. No. 99-CV-249-K)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL** and **KELLY**, Circuit Judges, and **ELLISON**,[**] District Judge.

Defendant-Appellant, HPF, is a Pennsylvania limited liability corporation located in Trevose, Pennsylvania. HPF markets and distributes dietary supplements, including "Cholestene," a red yeast rice product that purports to lower unhealthy cholesterol levels in its users. Plaintiff-Appellee, Pharmanex, Inc. (a division of Nu Skin Enterprises, a direct seller of personal care products, dietary supplements, and Internet products and services), also markets and sells a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable James O. Ellison, Senior District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation.

similar product, "Cholestin." In April 1999, Pharmanex sought a temporary restraining order in the Utah federal district court, seeking to bar HPF from (1) making false comparisons between the products, (2) attributing conclusions of Cholestin based studies and news stories to its own product, (3) selling its product in packaging that infringes upon Pharmanex's trade dress and (4) selling its product under the name Cholestene. HPF responded with a motion to dismiss, stay, or transfer the matter on the grounds that it previously filed an action in the Eastern District of Pennsylvania for a declaratory judgment that the marketing, sales and distribution of Cholestene does not infringe upon rights possessed by Nu Skin Enterprises. The Utah court held a preliminary injunction hearing. No testimony was taken. Before the district court, all parties conceded that prior to the hearing, HPF had discontinued its use of the label that was the subject of the trade dress dispute, and replaced it with a new label. HPF provided the court with a photocopy of the label. [1] However, because the issue of the new label was not briefed by the parties, and the label was only presented to the court at oral argument, the district court only considered the original label in its ruling. See

---

[1] Also at oral argument before this panel, both parties conceded the likelihood that HPF had discontinued use of the original trade dress, and that the passage of time has most likely flushed the original trade dress from the marketplace altogether. Moreover, HPF unequivocally represented to this panel that under no circumstances would the original trade dress be re-introduced into the marketplace.

Aplt. App. at 370 n. 4.  In this regard, the court relied on affidavits and its own observations to resolve the trade dress questions involving the original label.

On April 29, 1999, the district court issued an order denying HPF's motion to dismiss, stay or transfer the matter, and granting Pharmanex's motion to enjoin HPF from (1) marketing Cholestene under the original trade dress, and (2) attributing conclusions of Cholestin based studies, literature and news stories to the HPF product.   See id. at 371.  The district court denied Pharmanex's motion to enjoin HPF from using the product name, "Cholestene."   See id.  While Pharmanex originally sought a temporary restraining order, the district court converted it to a motion for preliminary injunction.   See id. at 369 n. 3.

HPF appeals only from the district court's disposition of the trade dress issue. [2]  Our jurisdiction arises under 28 U.S.C. § 1292(a)(1), and we reverse and vacate the preliminary injunction insofar as it relates to marketing Cholestene under the original trade dress.

We review the grant of a preliminary injunction for abuse of discretion, reversing only if the district court "'abuses its discretion, commits an error of law, or is clearly erroneous in its preliminary factual findings.'"   American Civil

---

[2] The issue of whether the district court had jurisdiction due to the "first to file" doctrine, vis-a-vis HPF's action in the Eastern District of Pennsylvania is now moot, given that the Eastern District of Pennsylvania matter has been transferred to the district court in Utah.

Liberties Union v. Johnson, 194 F.3d 1149, 1155 (10th Cir. 1999) (internal citations omitted).

In the instant case, Pharmanex's claim for preliminary injunction on the original trade dress issue is moot. Pharmanex made no showing that the complained of conduct was persistent, given HPF's assertion that the label that allegedly violated Pharmanex's trade dress had been discontinued prior to the filing of the complaint. See Aplee. Supp. App. at 132-33; HPF's Answer to Petition for Rehearing filed May 23, 2000 at 6-7. Because mootness is jurisdictional, we are empowered to raise the issue sua sponte. See McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996).

We review mootness de novo. See F.E.R. v. Valdez, 58 F.3d 1530, 1532-33 (10th Cir. 1995). A claim is moot when there is no reasonable expectation that the alleged violation will recur and interim relief or events have eradicated the effects of the violation in question. See Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1524 (10th Cir. 1992) (citing County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). That is, there must be an actual, ongoing dispute. See F.E.R., 58 F.3d at 1533. "'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" Id. at 1534 (quoting O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)). A preliminary injunction

constitutes extraordinary relief, and is not justified if there is no likelihood that the complained of behavior will continue.    See Securities and Exchange Comm'n v. Pearson , 426 F.2d 1339, 1343 (10th Cir. 1970).  Thus, if the movant is no longer in harm's way, his motion for injunctive relief becomes moot.    See Taylor v. Resolution Trust Corp.  , 56 F.3d 1497, 1502 (D.C. Cir. 1995).

In the present case, Pharmanex's motion for preliminary injunction was and is moot to the extent the label animating the action had been changed prior to the filing of the complaint.  At the preliminary injunction hearing and at oral argument before this panel, both parties acknowledged the likely possibility that the offending label was not in use, and had not been for some time.  Moreover, HPF represented during oral argument that there was no possibility that the original label would be reintroduced.  While "voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot,"    United States v. W.T. Grant Co.   , 345 U.S. 629, 632 (1953), it is also true that the case may nonetheless be moot if the defendant demonstrates "that 'there is no reasonable expectation that the wrong will be repeated.'"    Id. at 633 (citation omitted).  While this burden is a heavy one, it is satisfied if the defendant represents to the court, and the plaintiff concedes

the very likely state of affairs,[3] that the complained of behavior is no longer extant, nor is there any possibility that it will recur. Although Pharmanex vehemently argues that HPF has never offered an affidavit or similarly binding information that it has discontinued all use, manufacturing, or sale of its product bearing the original trade dress, in light of the repeated assertions by HPF's counsel, we do not think that a preliminary injunction was warranted without addressing the discontinuance issue.[4]

Thus, we hold that the district court abused its discretion by granting Pharmanex's motion for preliminary injunction as to HPF's original label, absent an evidentiary hearing or stipulated set of facts bearing on the issue of HPF's discontinuance of the complained of conduct. While in the context of a preliminary injunction hearing the court may consider sworn proof including affidavits, including those based upon information and belief or hearsay (though it may affect the weight given), depositions, transcripts of prior hearings and live testimony, see James W. Moore, Moore's Federal Practice § 65.23 (1999), more was required here.

---

[3]Pharmanex stated at oral argument that it did not know of new evidence since the preliminary injunction hearing showing that HPF has manufactured the product bearing the original trade dress,

[4]In its rehearing petition, Pharmanex contends that the original trade dress is still in the market, and that HPF should be required to offer into evidence proof of its discontinuance. Pharmanex is free to urge the district court to address these matters.

We VACATE the preliminary injunction insofar as it enjoins HPF from marketing Cholestene under the original trade dress.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge